## Case No. 445.

### ANONYMOUS.

[2 Gall. 101.][1]

Circuit Court, D. Massachusetts. May Term, 1814.

COSTS—REMEDIES—MARSHAL'S FEES—ATTACHMENT.

1. The marshal may have an attachment, to enforce the payment of his fees of office, against suitors in the court.

[Cited in Re Stover, Case No. 13,507.]

2. So against an endorser on the writ, who by the lex loci is liable to respond the costs.

[Cited in Goodyear v. Sawyer, 17 Fed. 5.]

J. T. Austin, for the marshal.

[Before STORY, Circuit Justice, and DAVIS, District Judge.]

---

[1][Reported by John Gallison, Esq.]

STORY, Circuit Justice. This is a motion made by the marshal for an attachment against the defendant. who is an attorney of this court, to compel the payment of his fees for the service of sundry writs brought in this court by Susanna Cunningham, a citizen of the state of New York, against Harrison G. Otis and others, which writs were endorsed by the defendant, and were dismissed at a former term of this court.

It has been contended, that this is not a proper process to compel payment of the fees due to the marshal. But on the authority of Caldwell v. Jackson, in the supreme court, 7 Cranch, [11 U. S.] 276, we are satisfied, that an attachment may issue to compel the payment of the fees due to officers of the court for the performance of their official duties. And this seems reasonable, inasmuch as the marshal is compellable to perform these duties, and as an officer of the court, a similar process lies against him to enforce the performance. As the affidavits prove the substantial facts, which are not denied, the only remaining question seems to be, whether the same process, which would lie against the party to compel payment of fees, can be maintained against his attorney, who endorses the writ, and thereby becomes liable. under the statute of Massachusetts of 30th of October, 1784, § 11, (1 Mass. Laws, 206,) to the payment of the costs of the suit in case of the avoidance or inability of his principal. As the principal resides without the state, and due application has been made to his attorney in the suits, to obtain payment; it is a sufficient avoidance within the meaning of the statute, even supposing that such avoidance be necessary, where the party plaintiff is not an inhabitant of the commonwealth. We think also that this case is fairly within the equity of the statute, though perhaps not within its words, which seem confined to the payment of the costs of the defendant. The uniform practice of this court has been, to require an endorsement on the writ by the plaintiff or his attorney, if resident within the commonwealth, or by some other responsible person, if the plaintiff were resident without the commonwealth, according to the statute, and with the express understanding, that such endorsement rendered the endorser liable to the payment of the costs of the suit in default of his principal. Where the principal resides without the state, it must be considered, that the endorser makes himself directly responsible to the officers of the court for their official fees—and indeed in point of practice, unless in special cases, the officers of the court have looked to the attorneys upon record for the payment of the fees due for services performed at their request.

We certainly feel no desire to disturb this honorable confidence between all the officers of the court. And in the present case, as the attorney upon record is the endorser of the writ, and must from the non-residence

of his principal be considered as making himself directly liable for the marshal's fees, upon this ground we hold, that the rule for an attachment ought to be made absolute. Rule absolute.